# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LUIS DELAFUENTE,

        Petitioner,    :    Case No. 1:17-cv-182

  - vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  Madison Correctional Institution

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action on a Petition for Writ of Habeas Corpus (ECF No. 1), filed March 9, 2017.[1] On Order of Magistrate Judge Karen Litkovitz (ECF No. 2), the Respondent has filed the State Court Record (ECF No. 3) and a Return of Writ (ECF No. 4). Petitioner filed a Reply (ECF No. 10) and then, without leave of court, an Amended Reply (ECF No. 12). Magistrate Judge Litkovitz then permitted Respondent to file a Surreply (ECF No. 16) and allowed Petitioner to respond (ECF No. 19). The reference of the case was transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division (ECF No. 20).

---

[1] Petitioner is entitled to have the Petition deemed filed the date he gave it to prison authorities for mailing.

1

**Procedural History**

Petitioner was indicted by the Butler County grand jury on two counts of felonious assault arising from the stabbing of Tim Hull and Rene Cervantes on August 17, 2014. A jury convicted Delafuente on both counts and he was sentenced to six years imprisonment. On appeal the Ohio Twelfth District Court of Appeals affirmed the conviction. *State v. Delaffuente,*[2] 2015-Ohio-4917, 2015 Ohio App. LEXIS 4776, 2015 WL 7709866 (12th Dist. Nov. 30, 2015), appellate jurisdiction declined, 145 Ohio St. 3d 1425 (2016). Petitioner then filed the instant Petition, pleading the following four grounds for relief:

> **Ground One**: Fourth Amendment right to due process was violated when the trial court refused to present the issue of self-defense.
>
> **Ground Two**: The court must provide a self-defense instruction if the evidence viewed most favorably to appellant could support a claim of self-defense.
>
> **Ground Three**: Petitioner's inability to recall every detail of the fight does not preclude him from claiming self-defense.
>
> **Ground Four**: Self-defense may be argued in the alternative if the jury requests the instruction.

(Petition, ECF No. 1, PageID 6, 8, 9, 11.)

# Analysis

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780

---

[2] This variant on the spelling of Petitioner's surname is found in various places in the record. This Court will use the spelling used by Petitioner in the Petition, except when quoting another source.

(1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Habeas relief may be available where a violation of state law "amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008), *cert denied*, 129 S.Ct. 1991 (2009). "State law errors may warrant habeas relief if the errors 'rise for some other reason to the level of a denial of rights protected by the United States Constitution.'" *Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010), *quoting Barclay v. Florida*, 463 U.S. 939, 957-58 (1983). "State law issues are not subject to habeas review, see *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L. Ed. 2d 385 (1991).

On appeal, Delafuente raised one assignment of error, to wit, that "The trial court erred by refusing to present the issue of self-defense to the jury." *Delafuente, supra,* ¶ 4. The Twelfth District overruled that assignment of error, ruling as follows:

> **[*P5]** In his single assignment of error, Delaffuente argues the trial court erred by denying his request to instruct the jury on the affirmative defense of self-defense. We disagree.
>
> **[*P6]** "Jury instructions are matters left to the sound discretion of the trial court." *State v. Tucker*, 12th Dist. Butler No. CA2010-10-263, 2012-Ohio-139, ¶ 23. In turn, this court reviews the trial court's decision refusing to provide the jury with a requested instruction for an abuse of discretion. *State v. Adams*, Slip Opinion No. 2015-Ohio-3954, ¶ 240, 144 Ohio St. 3d 429, 45 N.E.3d 127, citing *State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989); *State v. McKinney*, 12th Dist. Butler No. CA2011-08-162, 2012-Ohio-4521, ¶ 24. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable,

and not merely an error of law or judgment. *State v. Hancock*, 108 Ohio St. 3d 57, 2006-Ohio-160, ¶ 130, 840 N.E.2d 1032. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**[\*P7]** It is well-established that under Ohio law "self-defense is an affirmative defense." *State v. Martin*, 21 Ohio St.3d 91, 93, 21 Ohio B. 386, 488 N.E.2d 166 (1986). As defined by R.C. 2901.05(D)(1)(b), an "affirmative defense" is a "defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." The burden of going forward with evidence of self-defense and the burden of proving self-defense by a preponderance of the evidence is upon the accused. *State v. Jones*, 12th Dist. Butler No. CA2012-04-077, 2013-Ohio-654, ¶ 45.

**[\*P8]** A trial court does not err in failing to instruct the jury on self-defense where the evidence is insufficient to support the instruction. *State v. Rice*, 12th Dist. Butler No. CA2003-01-015, 2004-Ohio-697, ¶ 26, citing *State v. Palmer*, 80 Ohio St.3d 543, 564, 1997-Ohio-312, 687 N.E.2d 685 (1997). As a result, if the evidence brought forward generated only mere speculation of a self-defense claim, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury is unwarranted. *State v. Martin*, 12th Dist. Warren Nos. CA2002-10-111, CA2002-10-115 and CA2002-10-116, 2003-Ohio-6551, ¶ 9. In determining whether a defendant has introduced sufficient evidence to warrant a jury instruction on self-defense, "the test to be applied is whether the defendant has introduced evidence that, if believed, is sufficient to raise a question in the minds of reasonable persons concerning the existence of the offense." *State v. Ford*, 12th Dist. Butler No. CA2009-01-039, 2009-Ohio-6046, ¶ 19.

**[\*P9]** To warrant a jury instruction on self-defense, sufficient evidence must be before the jury specific to three elements: (1) the defendant was not at fault in creating the situation giving rise to the affray, (2) the defendant had a bona fide belief he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of deadly force, and (3) the defendant did not violate any duty to retreat or avoid the danger. *State v. Gray*, 12th Dist. Butler No. CA2010-03-064, 2011-Ohio-666, ¶ 43, citing *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus.

**[\*P10]** After a thorough review of the record, we find no error in the trial court's decision to deny Delaffuente's request to instruct the jury on the affirmative defense of self-defense. As the record reveals, Delaffuente denied ever using deadly force, let alone that he used deadly force as his only means of escape from any imminent danger of death or great bodily harm. In fact, when specifically asked if he ever had a knife that morning, Delaffuente testified, "No. Never." Delaffuente also specifically testified that he "[n]ever used a — have a knife" and that it was possible Hull and Cervantes had merely stabbed themselves. Delaffuente's various defense witnesses testifying on his behalf also denied Delaffuente ever had a knife or used a knife that morning. By denying he ever used deadly force through his own testimony or that of his various defense witnesses, Delaffuente failed to produce sufficient evidence to support a jury instruction on self-defense.

**[\*P11]** In reaching this decision, we take this opportunity to clarify an apparent misconception in our prior decision in *State v. Gomez*, 12th Dist. Butler No. CA2012-07-129, 2013-Ohio-2856. In *Gomez*, we noted the appellant "never even admitted to the use of deadly force," and cited to *State v. Densmore*, 3d Dist. Henry No. 7-08-04, 2009-Ohio-6870 and *State v. Grubb*, 111 Ohio App.3d 277, 282, 675 N.E.2d 1353 (2d Dist.), for the proposition that an accused "must admit the prohibited conduct[.]" *Id.* at ¶ 12. However, upon closer examination, we find nothing within the three elements necessary to establish a claim of self-defense that explicitly requires a defendant to waive his Fifth Amendment rights at trial and admit to using deadly force. This is because "[a] defendant who does not testify [at trial] is not precluded from requesting an instruction on self-defense if the evidence otherwise supports the defense." *State v. Eichelbrenner*, 1st Dist. Hamilton No. C-110431, 2013-Ohio-1194, ¶ 24.

**[\*P12]** However, as noted by the Ohio Supreme Court, "[i]nasmuch as self-defense is an affirmative defense requiring proof by a preponderance of the evidence, it is incumbent upon a defendant claiming self-defense to offer evidence tending to establish that defense, including, if necessary, his own testimony." *State v. Seliskar*, 35 Ohio St.2d 95, 96, 298 N.E.2d 582 (1973). In turn, "an accused may exercise his right to silence and still prove self-defense through the testimony of other witnesses." *State v. Lyons*, 8th Dist. Cuyahoga No. 43513, 1981 Ohio App. LEXIS 13428, 1981 WL 4668, \*1 (Dec. 3, 1981). Yet, even then, the evidence tending to establish self-defense need not be offered by a defendant in his case-in-chief. Rather, a defendant may "offer" the

> necessary evidence through cross-examination of the state's witnesses or simply by relying on other evidence offered by the state. Such is not the case here. Again, as the record reveals, Delaffuente and all of Delaffuente's various defense witnesses testified Delaffuente never had a knife or used a knife that morning.
>
> **[\*P13]** Although an admission of the conduct involved is not a necessary prerequisite to a self-defense instruction, a denial of the conduct negates the second element of a self-defense claim; namely, that the defendant had a bona fide belief of imminent danger of death or great bodily harm and the only means of escape from such danger was the use of deadly force. The trial court, therefore, did not err by denying Delaffuente's request to instruct the jury on the affirmative defense of self-defense. *E.g., State v. Edgerson*, 8th Dist. Cuyahoga No. 101283, 2015-Ohio-593, ¶ 18 (trial court did not err refusing to instruct the jury on self-defense where defendant denied he had a knife, that he did not know how the victim was injured, and that the victim's injuries could possibly have been self-inflicted); *State v. Mitchell*, 8th Dist. Cuyahoga No. 70437, 1997 WL 209170, \*3 (Apr. 24, 1997) (trial court did not err refusing to instruct jury on self-defense where defendant denied possessing a knife on the night in question); *State v. Ramey*, 8th Dist. Cuyahoga No. 69080, 1996 Ohio App. LEXIS 956, 1996 WL 112420, \*11 (Mar. 14, 1996) (trial court did not err refusing to instruct jury on self-defense where "defendant denied he used *any* deadly force"). Accordingly, Delaffuente's single assignment of error is without merit and overruled.

*Delafuente,* 2015-Ohio-4917, ¶¶ 5-13.

In defending the case, Respondent relies on the opinion of the Twelfth District Court of Appeals, asserting that decision is neither an objectively unreasonable application of clearly established Supreme Court precedent nor an unreasonable determination of the facts in light of the evidence presented (Return, ECF No. 4, PageID 717).

It would be possible to read the Petition as raising four separate grounds for relief. If it were read that way, Respondent asserts Grounds Three and Four would be procedurally defaulted because they were not presented to the Ohio courts. *Id.* at PageID 716, n. 4. Respondent never formally pleads procedural default and argues instead that Petitioner's four

grounds should be read as one ground for relief with four separate arguments. *Id.* The asserted constitutional violation would be that Delafuente had a due process right to have the jury consider that he acted in self defense. Petitioner does not object to that way of construing his Petition and the Magistrate Judge will do so.

What are the parameters of any federal constitutional right involved? The Supreme Court has recognized that a state criminal defendant has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984); *Chambers v. Mississippi,* 410 U.S. 284, 294 (1973). Both of those cases, however, involved the right to present certain evidence in defense. Petitioner relies on *Taylor v. Withrow,* 288 F.3d 846 (6th Cir. 2002), for establishment of the right on which he relies. Judge Merritt for himself and Judge Moore wrote:

> Within broad limits the federal courts defer to states on most matters concerning how they regulate criminal trials. As the Supreme Court has noted, "preventing and dealing with crime is much more the business of the States than it is of the Federal Government," and federal courts should be reluctant to meddle in criminal procedures established for valid reasons by states. *Patterson v. New York*, 432 U.S. 197, 201, 97 S.Ct 2319, 53 L. Ed. 2d 281 (1977). Thus, a state has broad leeway, for instance, to decide what relevant evidence a defendant may present in a state criminal trial. *See Montana v. Egelhoff*, 518 U.S. 37, 42-43, 116 S.Ct. 2013, 135 L. Ed. 2d 361 (1996). A state does not, however, have an unfettered right to run its court proceedings in any manner at all. There are a few customs and principles "so rooted in the traditions and conscience of our people as to be ranked as fundamental," and depriving a defendant of one of these in a criminal trial is constitutional error. *Egelhoff*, 518 U.S. at 43, 116 S.Ct. 2013 (quoting *Patterson*, 432 U.S. at 201-02, 97 S.Ct. 2319).
>
> We hold that the right of a defendant in a criminal trial to assert self-defense is one of those fundamental rights, and that failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the due process clause. It is indisputably federal law as announced by the Supreme Court

7

that a defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L. Ed. 2d 413, (1984); *see also Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L. Ed. 2d 297 (1973); *Harrington v. Jackson*, 1 Fed. Appx. 367, 2001 WL 45417, at \*1 (6th Cir. January 10, 2001). A necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions.

The right to claim self-defense is deeply rooted in our traditions. *See Egelhoff*, 518 U.S. at 43, 116 S.Ct. 2013 ("Our primary guide in determining whether the principle in question is fundamental is, of course, historical practice"). Blackstone referred to self-defense as "the primary law of nature," and claimed that "it is not, neither can it be in fact, taken away by the law of society." 3 William Blackstone, *Commentaries*, \*4. According to him, the common law "held [self-defense] an excuse for breaches of the peace, nay even for homicide itself." *Id.*; *see also* 4 *id.* at \*183-87. It is a well-established rule in federal criminal trials that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor," including the defense of self-defense. *Mathews v. United States*, 485 U.S. 58, 63-64, 108 S.Ct. 883, 99 L. Ed. 2d 54, (1988); *see also Stevenson v. United States*, 162 U.S. 313, 16 S.Ct 839, 40 L. Ed. 980, (1896). Even in *Egelhoff*, a case taking a decidedly narrow view of which rights are "fundamental," the Court commented that "the right to have the jury consider self-defense evidence" may be a fundamental right. 518 U.S. at 56, 116 S.Ct. 2013 (Scalia, J., plurality opinion). We know of no state that either currently or in the past has barred a criminal defendant from putting forward self-defense as a defense when supported by the evidence.

In finding that the right to claim self-defense is a fundamental right we break no new ground. Other Courts of Appeals have already reached the same conclusion. In a recent case Judge Easterbrook held that when there is evidentiary support for a defendant's theory of self-defense, failure to instruct on self-defense violates a criminal defendant's Fifth and Sixth Amendment rights," *Sloan v. Gramley*, 213 F.3d 1330, 2000 WL 536164, at \*3 (7th Cir., May 1, 2000), and Judge Richard Arnold also recently found that a criminal defendant "is entitled to a self-defense instruction if there is evidence to support his theory,"

> 680, 685 (8th Cir. 1999). This Court has also already held, as have other Courts of Appeals, that in certain circumstances refusing to instruct a jury properly on self-defense can so taint the resulting verdict as to be an error of constitutional dimension. *See, e.g.*, *Davis v. Strack*, 270 F.3d 111, 116 (2d Cir. 2001); *Barker v. Yukins*, 199 F.3d 867, 872-73 (6th Cir. 1999), *cert. denied sub nom*, *Yukins v. Barker*, 530 U.S. 1229, 120 S.Ct. 2658, 147 L. Ed. 2d 273 (2000).
>
> There is no Supreme Court decision unmistakably setting down this precise rule, though the holding in *Mathews* has been taken by some courts as setting out a right to a jury instruction on self-defense. *See, e.g.*, *Taylor*, 154 F. Supp. 2d at 1043 (citing *Mathews*, 485 U.S. at 63, 108 S.Ct. 883, for the proposition that a defendant is entitled to an instruction on self-defense when there exists evidence to support it). The lack of an explicit statement to this effect is not determinative. The Court has made clear that its relevant precedents include not only bright-line rules but also the legal principles and standards flowing from precedent. *See Williams*, 529 U.S. at 407, 120 S.Ct. 897. We believe that the rule that a defendant is under certain circumstances entitled to a self-defense instruction follows inescapably not only from our legal heritage but also from the Court's holding in *Trombetta* that a defendant has the right to present a meaningful defense. *See* 467 U.S. at 485, 104 S.Ct. 2528. This is an example of a *rara avis*: a fundamental constitutional rule dictated by precedent but "so unexceptional that it [has] never been drawn into question in a reported case," at least a Supreme Court case. *Tyson v. Trigg*, 50 F.3d 436, 440 (7th Cir. 1995).

*Id.* at 851-53.

In that case, Judge Boggs concurred in the judgment which reversed a grant of habeas corpus relief, but disagreed with the majority's statement "that denial of a jury instruction on self-defense violated the United States Constitution as a matter of 'clearly established Federal law, as determined by the Supreme Court of the United States." *Taylor*, 288 F.3d at 854. He opined that in the absence of clear adoption of the rule by the Supreme Court, the rule was not clearly established.

> I believe that the silence of the Supreme Court may not be construed as clearly established law sufficient to allow a federal

> court to reverse a state determination. To do so is to slip the constraints imposed by AEDPA, and allow speculation, even if wise speculation, based on what the Supreme Court has *not* held, to satisfy AEDPA. Given that the Supreme Court has inevitably *not* held far more than it has held, the exception proposed today would certainly open the door to undermining the AEDPA rule.

*Id.* at 855.

Whichever reading of the AEDPA better interprets it language, this Court is bound by the majority opinion that the right to a self-defense instruction under appropriate circumstances is constitutionally clearly established. To be clear, the Supreme Court has said a circuit court may not use circuit precedent "to refine or sharpen a general rule of Supreme Court jurisprudence into a specific rule that" the Supreme Court has not announced. *Lopez v. Smith*, 574 U.S. ___, 135 S.Ct. 1, 190 L. Ed. 2d 1, (2014)(per curiam); *Marshall v. Rodgers*, 569 U.S. ___, 133 S.Ct. 1446, 185 L. Ed. 2d 540 (2013)(per curiam). However, an appellate panel may, in accordance with its usual law-of-the-circuit procedures, to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent, see, e.g., *Tolliver v. Sheets*, 594 F.3d 900, 916, n.6 ("We are bound by prior Sixth Circuit determinations that a rule has been clearly established").

While the *Taylor* court held the right to claim self defense was a fundamental right, it did not purport to constitutionalize any particular definition of self defense, to require any particular jury instruction, to adjust any state determination of the burden of proof, etc. In fact, the *Taylor* court reversed the district court's grant of the writ which had been based on a determination that the state trial court had acted unreasonably in finding there was insufficient evidence to support a self-defense finding. 288 F. 3d at 854.

With these limitations of the *Taylor* decision in mind, the Magistrate Judge concludes that Ohio law makes self defense an affirmative defense. *State v. Martin*, 21 Ohio St. 3d 91 (1986).

The burden of going forward with the evidence of self defense is on the defendant who must prove the defense by a preponderance of the evidence. Ohio Revised Code § 2901.05. Allocating the burden of production and proof in that way is constitutional. *Martin v. Ohio,* 480 U.S. 228, 232 (1987), citing *Patterson v. New York*, 432 U.S. 197, 201-2 (1977).

As the Twelfth District held, before an Ohio defendant is entitled to a self-defense instruction, there must be sufficient evidence from which a jury could find, by a preponderance, that

> (1) the defendant was not at fault in creating the situation giving rise to the affray, (2) the defendant had a bona fide belief he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of deadly force, and (3) the defendant did not violate any duty to retreat or avoid the danger.

*Delafuente, supra,* at ¶ 9, citing *State v. Robbins*, 58 Ohio St. 2d 74 (1979). The Twelfth District found Petitioner's case faltered on the second element because he "denied ever using deadly force, let alone that he used deadly force as his only means of escape from any imminent danger of death or great bodily harm. In fact, when specifically asked if he ever had a knife that morning, Delaffuente testified 'No. Never.'" *Id.* at ¶ 10. It further found witnesses testifying on his behalf also denied he ever had or used a knife that morning. *Id.* Thus to prevail on his claim that he was unconstitutionally denied a self-defense jury instruction, Delafuente must show that these findings of fact about the testimony "are an unreasonable determination of the facts in light of the evidence presented . . . ."

Petitioner recites at some length what he believes the evidence was at trial, but gives no record references at all (Reply, ECF No. 10, PageID 743). There are also no record references provided in Petitioner's Surreply (ECF No. 19). In her Order for Answer in this case, Judge

11

Litkovitz specifically provided that all record references in the case must include reference to the PageID number where referenced matter is shown. Petitioner's Reply does not comply with that Order.

Furthermore, nothing that Petitioner says in his Statement of Fact contradicts the findings of the Twelfth District that he never admitted having a knife and none of his witnesses testified he had a knife. *Id.* There apparently is no contradiction in the record of the fact that one of the victims had six knife wounds and the trial judge found that Delafuente's theory that maybe he had "accidentally stabbed him when he was rocking back and forth with the knife" was not credible, i.e., not supported by sufficient evidence to permit the jury to find self defense by a preponderance of the evidence.

As Respondent points out, in habeas corpus findings of fact by a state court are presumed to be correct. To overcome them, a petitioner must point to evidence in the state court record that shows they are incorrect. Petitioner has not done so. If he objects to this Report, he will have an opportunity to provide the Court with references in the transcript to any place where he or any other witness testifying on his behalf testified he had a knife.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge concludes the Twelfth District's findings of fact are not an unreasonable determination of the facts in light of the evidence presented and its resulting conclusion that no trial court error of constitutional dimension was shown is not an objectively unreasonable application of Supreme Court precedent. It is therefore

respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore Petitioner should not be permitted to proceed *in forma pauperis*.

January 18, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).