# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LUIS DELAFUENTE,

              Petitioner,      :      Case No. 1:17-cv-182

  - vs -                                District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  Madison Correctional Institution

                                  :

              Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's recommendation that the case be dismissed with prejudice (Report, ECF No. 21). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 23).

Delafuente begins his Objections by claiming his right to a *de novo* determination by the assigned District Judge of any finding or recommendation by a Magistrate Judge to which objection is made. That is certainly correct as Fed. R. Civ. P. 72(b)(3) provides. However, the same Rule allows a District Judge to return the case to the Magistrate Judge with instructions before a final *de novo* review. That is what Judge Barrett has done in the Recommittal Order.

Petitioner also correctly points out that the Sixth Circuit has held it is clearly established Supreme Court precedent that self-defense is a right that a criminal defendant has the right to raise. The Report recognizes this constitutional proposition (Report, ECF No. 21, PageID 789,

1

quoting *Taylor v. Withrow*, 288 F.3d 846 (6th Cir. 2002)). However, the *Taylor* Court did not suggest that the Supreme Court had clearly established all of the procedural parameters of self-defense. Indeed, the Supreme Court has expressly held that Ohio Revised Code § 2901.05, which makes self-defense an affirmative defense, is constitutional. *Martin v. Ohio*, 480 U.S. 228, 232 (1987). Under Ohio law, that means the burden of production – producing enough evidence to put self-defense in issue – and the burden of persuasion – producing enough evidence to persuade the jury by a preponderance of the evidence that one acted in self-defense – are both on the defendant claiming self-defense.

In addition, the definition of what self-defense consists of is also a matter of state law. That is, at some point in the future the Supreme Court could "constitutionalize" self-defense by defining it as a matter of constitutional law, but it has not done so as yet.

Under Ohio law to be entitled to a jury instruction on self-defense, a defendant must produce sufficient evidence from which a jury could find, by a preponderance of the evidence, that

> (1) the defendant was not at fault in creating the situation giving rise to the affray, (2) the defendant had a bona fide belief he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of deadly force, and (3) the defendant did not violate any duty to retreat or avoid the danger.

*State v. Robbins*, 58 Ohio St. 2d 74 (1979)(paragraph two of the syllabus).

Delafuente expends some effort in his Objections discussing the first and third elements of the definition, but the Twelfth District did not reject his defense because he had created the situation (element one) or failed to retreat (element three). Instead, it found his failure was on the second element, because "as the record reveals, Delaffuente [sic] and all of Delafuente's [sic] various

defense witnesses testified Delaffuente [sic] never had a knife or used a knife that morning." *State v. Delaffuente* [sic], 2015 Ohio App. LEXIS 4776, 2015 WL 7709866, ¶ 12 (12th Dist. Nov. 30, 2015).

The Report criticized Delafuente's filings for not providing record references, as was required by Magistrate Judge Litkovitz's Order for Answer. In his Objections, Delafuente purports to cure that defect by citing two excerpts from his own direct testimony, ECF No. 3, PageID 614-15 and 609-20. (ECF 232, PageID 797.) Most of this testimony is about how the fight started over his ejecting Rene Cervantes and Tim Hull over whether more alcohol was going to be provided. At one point he describes how his wife Claudia had been cut and he saw a small knife in Rene Cervantes hand that he tried to get a hold of. (ECF No. 3, PageID 616-17.) At PageID 618, when asked directly if the knife stayed in Rene's hand, he testified "I believe so." Later on the same page his attorney asked "Do you ever get the knife?" and he answered "I – honestly, I can't recall that part, but I remember on the same struggling, going back and forth, . . . I got hit right here and the second time in here. That's when my bleeding start [sic]. By holding the hand, then I believe I have the cut on my hand. That's how my belief, although I cannot say that's accurate."

The testimony continues as follows:

> Q. And I understand that, but – but you never got the knife from him?
>
> A. I can't recall that.
>
> Q. You never had a knife on – of your own. Correct?
>
> A. Never used a – have a knife.
>
> Q. You – you never purposely stabbed Rene?
>
> A. No.
>
> Q. And certainly you didn't – stabbing on purpose, six times as he described?
>
> A. I would say no.
>
> Q. Okay. And you never stabbed Tim at all?

3

>    A. Nothing I can recall.
>
>    Q. And you don't know how Tim was cut or injured in any way?
>
>    A. I wish I can tell you so that that would be the end of this situation.

(ECF No. 3-3, PageID 618-19.)

Although this is direct testimony, the trial judge permitted defense counsel to lead the witness extensively, apparently without objection by the prosecutor. Clearly counsel wanted the answers he received, but those answers are consistent with what the Twelfth District found, to wit, that Delafuente denied the use of the deadly force in question. In a passage Delafuente does not cite his attorney asked him "Did you have a knife?" and he answered "No. Never." *Id*. at PageID 583.

Aside from these citations to his own testimony, Delafuente cites from the statement of facts his attorney made in appealing to the Ohio Supreme Court (Objections, ECF No. 22, PageID 797, citing PageID 150-67.) But arguments made by an attorney are not evidence.

The critical passage from the Twelfth District's decision is at ¶ 10:

> **[*P10]** After a thorough review of the record, we find no error in the trial court's decision to deny Delaffuente's [sic] request to instruct the jury on the affirmative defense of self-defense. As the record reveals, Delaffuente [sic] denied ever using deadly force, let alone that he used deadly force as his only means of escape from any imminent danger of death or great bodily harm. In fact, when specifically asked if he ever had a knife that morning, Delaffuente [sic] testified, "No. Never." Delaffuente [sic] also specifically testified that he "[n]ever used a — have a knife" and that it was possible Hull and Cervantes had merely stabbed themselves. Delaffuente's [sic] various defense witnesses testifying on his behalf also denied Delaffuente [sic] ever had a knife or used a knife that morning. By denying he ever used deadly force through his own testimony or that of his various defense witnesses, Delaffuente [sic] failed to produce sufficient evidence to support a jury instruction on self-defense.

In a habeas case, findings of fact by the state courts are presumed to be correct, including findings about what is in the state court record. 28 U.S.C. § 2254(e) provides

4

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Under § 2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009); *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009); *Mitchell v. Mason,* 325 F.3d 732, 737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998). This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. *Girts v. Yanai,* 501 F.3d 743, 749 (6th Cir. 2007); *Mason v. Mitchell,* 320 F.3d 604, 614 (6th Cir. 2003); *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001), *citing Sumner v. Mata*, 449 U.S. 539, 546-47 (1981).

Petitioner has been given the tools with which to rebut that presumption by being furnished with the full state court record, but he has not pointed to any evidence that rebuts the Twelfth District's finding that he and all his witnesses denied he had a knife. Indeed, Mr. Delafuente appears to misunderstand self-defense. He argues "[t]he State argues Appellant denied having a knife, but as the evidence shows he was not the aggressor. Rene Cervantes had the knife and Rene Cervantes was the aggressor." (Objections, ECF No. 22, PageID 797.) The Twelfth District never found Cervantes was not the aggressor. The question of who was the aggressor goes to the first element of self-defense. The question is how Delafuente responded to that aggression. Delafuente's answer is that whatever he did, it did not involve use of deadly force by stabbing with a knife.

Ordinarily, striking another person is the criminal offense of assault. In Ohio, if the injury is serious or a deadly weapon is used, the assault is a felony. The theory of self-defense or defense of another is that the striking was necessary to ward off the attack of an aggressor. There is no dispute that the victim was stabbed six times. Delafuente's evidence is not that he had to stab the victim to prevent the aggression, but that he did not do the wounding – he and all his witnesses testified he did not have a knife.

Delafuente notes that credibility of witnesses is an issue for the jury (Objections, ECF No. 22, PageID 798). While that is certainly true, that rule does not compel submitting to the jury every issue on which there is some evidence. Instead, as the Twelfth District held, one is entitled to a jury instruction on a defense only if the evidence, if believed by the jury, is sufficient to establish the defense by a preponderance of the evidence. Here the jury could not have believed that Delafuente used deadly force to protect himself and his family because he and all his witnesses denied he used deadly force.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 12, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).