# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LUIS DELAFUENTE,

    Petitioner,

v.

RHONDA RICHARD, Warden,
Madison Correctional Facility,

    Respondent.

CASE NO.: 1:17-cv-182

Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Doc. 21, "R&R"), Petitioner's *pro se* objections (Doc. 22), the Supplemental Report and Recommendation of the Magistrate Judge (Doc. 24, "Supplemental R&R"), and Petitioner's *pro se* supplemental objections (Doc. 25). The Court will dismiss the petition.

### I.    BACKGROUND

Petitioner was charged and convicted by a jury of two counts of felonious assault and sentenced to six years in prison. *State v. Delaffuente*,[1] Nos. CA2015-03-040, CA2015-03-042, 2015-Ohio-4917, ¶ 2 (Ohio Ct. App. Nov. 30, 2015). He appealed the decision, raising a single assignment of error: that "the trial court erred by refusing to present the issue of self-defense to the jury." *Id.* at ¶ 4. Ohio's Twelfth District Court of Appeals (the "Twelfth District") affirmed and the Supreme Court of Ohio declined review. *State v. Delaffuente*, 145 Ohio St. 3d 1425, 2016-Ohio-1173, 47 N.E.3d 168 (2016).

---

[1] This variant of the spelling Petitioner's surname is found in the Twelfth District and Supreme Court of Ohio decisions. The Court, otherwise, uses the spelling used by Petitioner in his filings.

1

Petitioner's subsequent § 2254 petition raised four grounds for relief, which the Magistrate Judge (absent objection by Petitioner) construed to assert a single ground for relief—denial of Fifth Amendment due process in the failure to have the jury consider self-defense—with four arguments in support. (Doc. 21, PAGEID 788–89). The Twelfth District had concluded that there was insufficient evidence to move forward with a self-defense jury instruction, and the Magistrate Judge found that this conclusion was not unreasonable. (*Id.* at PAGEID 793–94). In his objections to the R&R, Petitioner cited to particular portions of the record demonstrating, in his view, that the Twelfth District's conclusion was erroneous. (Doc. 22, PAGEID 797). Petitioner also argued that a defendant is not required to admit the use of deadly force for a jury to consider self-defense and that the credibility of the testimony related to self-defense was an issue for the jury. (*Id.* at PAGE ID 798). In his Supplemental R&R, the Magistrate Judge was unpersuaded by the portions of the record cited by Petitioner. He concluded that Petitioner's professions throughout the record that he *did not* employ deadly force (leaving aside whether a self-defense instruction required his admission that he *did*) supported his initial recommendation. (Doc. 24, PAGEID 840–41). He also concluded that presentation of self-defense to the jury was warranted only "if the evidence, if believed by the jury, [was] sufficient to establish [self-defense] by a preponderance of the evidence." (*Id.* at 841).[2]

Petitioner's objections to the Supplemental R&R raise three issues. He challenges the sufficiency of evidence for his felonious assault convictions, because he argues that

---

[2] Whether a defendant has met "the burden of going forward with evidence of a nature and quality sufficient to raise [self-defense] is "a matter of law[.]" *State v. Cross*, 58 Ohio St. 3d 482, 391 N.E.2d 319, 322 & n.5 (1979).

2

he was not at fault in the underlying altercation or in violation of any duty to retreat. (Doc. 25, PAGEID 843). He next argues that he had no burden of production or persuasion on the issue of self-defense, where the altercation occurred at his home. (*Id.*). Finally, he argues that *State v. Fox*, 36 Ohio App.3d 78, 520 N.E.2d 1390 (Ohio Ct. App. 1987), supports the proposition that his lack of intent to use deadly force did not preclude him from a self-defense instruction.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issue for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214, governs review of § 2254 petitions and imposes a "highly deferential standard for evaluating state-court rulings[.]" *Henderickson v. Warden Lebanon Corr. Inst.*, No. 2:10-cv-1084, 2011 WL 5282677, at *5 (S.D. Ohio Nov. 2, 2011), *rec. adopted*,

2012 WL 113435 (S.D. Ohio Jan. 13, 2012) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997)). Relief under § 2254 is limited to cases in which a state court's judgment:

> (1) resulted in a decision that was contrary to,[3] or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Unreasonable application is distinct from incorrect application; the former demands "a substantially higher threshold" in order to warrant relief. *Henderickson*, 2011 WL 5282677, at *5 (quoting *Schriro v. Landrigan*, 550 U.S., 465, 473 (2007)). While state-law issues generally do not implicate federal habeas relief, it could be warranted if the state law error "rise[s] for some other reason to the level of a denial of rights protected the United States Constitution." *Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Barclay v. Florida*, 463 U.S. 939, 957–58 (1983)).

### III. ANALYSIS

In Ohio, self-defense is an affirmative defense. *Delaffuente*, 2015-Ohio-4917, at ¶ 8 (citing *State v. Martin*, 21 Ohio St. 3d 91, 93, 488 N.E.2d 166, 168 (1986)).[4] Self-defense requires a defendant to show:

> (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

---

[3] The Court does not read the § 2254 petition or Petitioner's objections to allege that the Twelfth District's ruling was contrary to clearly established federal law; rather, to the extent his arguments pertain to 28 U.S.C. § 2254(d)(1), he urges that the Twelfth District's application of the law on the right to assert self-defense was unreasonable.

[4] In *Martin v. Ohio*, 480 U.S. 228 (1987), the United States Supreme Court held that Ohio's adherence to the common-law rule that a defendant must prove self-defense is constitutional. *Id.* at 236.

*State v. Barnes*, 94 Ohio St. 3d 21, 24, 2002-Ohio-68, 759 N.E.2d 1240, 1244 (2002) (quoting *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus). "Self-defense presumes intentional, willful use of force to repel force or escape force." *State v. Champion*, 109 Ohio St. 281, 286–87, 142 N.E. 141, 143 (1924); *see also State v. Hubbard*, No. 11AP-945, 2013-Ohio-2735, ¶ 54 (Ohio Ct. App.) (same, citing Ohio appellate decisions); *State v. Florence*, No. 20439, 2005-Ohio-4508, ¶ 49 (Ohio Ct. App.) ("[F]orce that occurs accidentally does not qualify to be treated as self-defense."). The Twelfth District concluded that Petitioner's evidence was lacking on the second self-defense element, because the record was replete with instances in which he himself and other witnesses *denied* intentional action (i.e., denied that Petitioner either had or used a knife during the altercation). *Delaffuente*, 2015-Ohio-4917, at ¶ 10.

The Sixth Circuit considered the right to jury instructions on self-defense in the habeas context in *Taylor v. Withrow*, 288 F.3d 846 (6th Cir. 2002). It concluded that a defendant has a fundamental right to assert self-defense. *Id.* at 851. That right may be qualified, however, to the extent that there must "*exist[] evidence sufficient for a reasonable juror to find in his favor*" before a jury instruction is required. *Id.* at 853 (quoting *Matthews v. United States*, 485 U.S. 58, 63 (1988)). In *Taylor*, the district court had found that the state trial court had acted unreasonably when it refused to instruct the jury on self-defense. *Id.* The Sixth Circuit disagreed. Finding that the fundamental right to assert self-defense is not unlimited, it concluded that it was neither "an unreasonable determination of the facts" nor "an unreasonable application of clearly established federal law" for the state trial court to find "no evidence of justified self-defense" and to consequently decline to instruct the jury on self-defense. *Id.* at 853–54.

5

Like in *Taylor*, the problem for the Twelfth District was a threshold matter of proof. While it acknowledged that a defendant need not explicitly admit prohibited conduct in order to receive a self-defense instruction, it concluded that Petitioner's "denial of the conduct negate[d] the second element of a self-defense claim[.]" *Delaffuente*, 2015-Ohio-4917, at ¶ 13. After the Magistrate Judge's prompting in the R&R, Petitioner's initial objections cited to particular parts of the record that he believed supported the conclusion that the Twelfth District's factual determination was unreasonable and that its application of clearly established federal law was also unreasonable. The Magistrate Judge reviewed these excerpts and remained unpersuaded. (Doc. 24, PAGEID 838–40). The Court agrees with the Magistrate Judge's Reports and Recommendations (Docs. 21, 24).

Petitioner's objections to the Supplemental R&R pending before the Court begin with conclusory attack on the legal sufficiency of his conviction. He reasons that because the first and third elements of self-defense were effectively conceded in his favor, "[t]his negates the essential elements of 'knowingly' and 'purposely' which are necessary to support a conviction for felonious assault." (Doc. 25, PAGEID 843). But as noted above, the sole issue raised in Petitioner's direct appeal was "the trial court erred by refusing to present the issue of self-defense to the jury." *Delaffuente*, 2015-Ohio-4917, at ¶ 4. Where "an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Engle v. Isaac,* 456 U.S. 107, 126 n.28 (1982)).

Petitioner next proposes that "defendant's [self-defense burdens of production and persuasion are] inapplicable in situations where an accused is attacked in his dwelling." (Doc. 25, PAGEID 843). Petitioner misstates the holding of *State v. Williford*, 49 Ohio St.

6

3d 247, 551 N.E. 2d 1279 (1990), to support this proposition. *Williford* held that the third element of self-defense (the duty to retreat) need not be met where an altercation takes place in a defendant's home. *Id.* at 1282. ("[T]here is no duty to retreat from one's own home."). This is not the equivalent of a broad vitiation of the elements of self-defense simply because an altercation occurs on one's property. This claim does not implicate an unreasonable application of clearly established federal law or an unreasonable determination of the facts. *See* 28 U.S.C.§ 2254(d).

Finally, Petitioner cites *State v. Fox*, which held that a self-defense instruction is not necessarily restricted to situations in which a defendant "reasonably and honestly believed that he was about to be killed or receive great bodily harm[;]" rather, such a grave threat might not be necessary "where less than deadly force is used to repel a feared attack." 520 N.E.2d at 1391 (quoting *Akron v. Dokes*, 31 Ohio App. 3d 24, 25, 507 N.E.2d 1158, 1160 (Ohio Ct. App. 1987)). Petitioner extrapolates from *Fox* to argue that the record, which demonstrates his lack of intent to use deadly force, entitled him to a jury instruction on self-defense—any determination otherwise, in his view, would be unreasonable. But the analogy to *Fox* is inapposite. The deficit in proof, as determined by the Twelfth District and the Magistrate Judge, had nothing to do with the *degree* of force employed. Instead, the deficit in proof concerned whether he intentionally employed the force at all—whether demonstrated by his own admission or otherwise (e.g., cross-examination of state witnesses). *See Delaffuente*, 2015-Ohio-4917, at ¶ 12.

The Court's review of the record on this point does not point to an unreasonable determination of the facts as they relate to the second self-defense prong or an unreasonable application of clearly established federal law. Petitioner emphasized in

7

both of his objections (Docs. 22, 25) that his own admission to guilty conduct is not necessarily required to make this showing. *See Delaffuente*, 2015-Ohio-4917, at ¶ 11 ("[W]e find nothing within the three elements necessary to establish a claim of self-defense that explicitly requires a defendant to waive his Fifth Amendment rights at trial and admit to using deadly force."). But Petitioner cites no other evidence, testimonial or otherwise, that points to him engaging in intentional, prohibited conduct. He points almost exclusively to his own account of the altercation during cross examination as the factual basis for finding sufficient evidence to prompt a self-defense jury instruction. (*See* Doc. 22, PAGEID 797).[5]

The Court has reviewed this testimony as well as his testimony on direct examination as it relates to the underlying altercation. (*See* Doc. 3-3, PAGEID 582–619). To the extent that this testimony references any affirmative, intentional action by Petitioner at all, Petitioner describes holding the hand of one of the victims that was, in turn, holding the knife. (*Id.* at PAGEID 583 ("I was holding his hand; holding that knife and into the fire – he got cut. I don't know if that can be called stabbing[.]"), 594 ("Why were you holding his hand? . . . I was trying to stop him from . . . attacking Claudia any more."), 617 (Petitioner approached one of the victims "[t]o try to get a hold of the knife" to keep him from hurting anyone), 618 (Petitioner "struggle[d] with [one of the victims] over the knife, but did not recall ever getting the knife). Read in conjunction with Petitioner's other statements flatly denying any intentional use of force (*Id.* at PAGEID

---

[5] Petitioner also points here to excerpts from his prior counsel's Memorandum in Support of Jurisdiction to the Supreme Court of Ohio. The Court has reviewed the references to the trial court transcript contained therein to the extent that they differ from those cited by Petitioner directly. They do not alter the Court's conclusion as to the reasonableness of the Twelfth District's factual determination or application of clearly established federal law as related to a self-defense instruction.

8

583 ("Q. . . . Did you ever have a knife? A. No. Never."), 619 (Petitioner states he "[n]ever used a – have a knife" and answered as follows with respect to both victims: "Q. . . . [Y]ou never purposely stabbed Rene. A. No. . . . Q. . . . And you never stabbed Tim at all? A. Nothing I can recall."), the Court sees no basis to conclude that the Twelfth District's factual determination or application of clearly established federal law was objectively unreasonable.

## IV. CONCLUSION

Consistent with the foregoing, Petitioner's Objections (Docs. 22, 25) are **OVERRULED** and the Report and Recommendation (Doc. 21) and the Supplemental Report and Recommendation (Doc. 24) are **ADOPTED**. The Petition (Doc. 1) is **DISMISSED** with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** that any appeal would be objectively frivolous.

**IT IS SO ORDERED**.

                                            s/ *Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT
                                            UNITED STATES DISTRICT JUDGE